BEN STELZER *et al.*, Plaintiffs-Appellants, v. MATTHEWS ROOFING COMPANY, INC., Defendant-Appellee.

First District (1st Division)   No. 85—15

Opinion filed January 21, 1986.

Gerald M. Chapman, of Chicago, for appellants.

William Butcher, of Chicago, for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

Plaintiffs, Eva Steltzer, Ben Stelzer and Louise Meier, brought an action for damages against defendant, Matthews Roofing Company. The trial court granted defendant summary judgment holding that plaintiffs' cause of action was time barred. Plaintiffs have appealed.

On November 20, 1976, defendant installed a roof at 8832 N.

Bronx in Skokie. The contract to install the roof included a separate guarantee which stated:

"We [defendant] agree to repair any leak in the roof at 8832 N. Bronx, Skokie free of charge for a term of ten years provided leaks are caused through fault with our work or materials."

Plaintiffs purchased the house on April 13, 1977, and were assigned the rights arising from the guarantee issued by defendant.

Plaintiffs discovered leaks from the roof in January 1978. According to plaintiffs' answer to defendant's interrogatories, plaintiffs informed defendant of the leaks, and defendant advised plaintiffs that it would send somebody to inspect the roof in the spring.

No representative of defendant inspected the roof and around May 1, 1981, plaintiffs again contacted defendant. Apparently a representative of the defendant inspected the roof and by letter dated May 18, 1981, defendant informed plaintiffs that the roof was in poor condition and recommended the roof be replaced. The letter included an estimate for the installation of the new roof. Defendant did not replace the roof pursuant to its guarantee. In June of 1982, plaintiffs replaced the roof at a cost of $2,800 and allege they sustained damages caused by the leaking roof of $7,350. This action was filed on July 26, 1982.

The Code of Civil Procedure provides in pertinent part:

"(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing the action, or his or her privity, knew or should reasonably have known of such act or omission.

(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission shall in no event have less than 2 years to bring an action as provided in sub-section (a) of this Section.

\* \* \*

(d) Subsection (b) shall not prohibit any action against a defendant who has expressly warranted or promised the improvement to real property for a longer period from being brought within that period." Ill. Rev. Stat. 1981, ch. 110, par.

13—214.

A summary judgment is a drastic remedy and should be granted only if the movant is entitled to judgment as a matter of law when the evidence is construed strictly against him. (*Becovic v. Harris Trust & Savings Bank* (1984), 128 Ill. App. 3d 107, 469 N.E.2d 1379.) Whenever an issue of material fact is presented, a summary judgment is inappropriate. *Federal Deposit Insurance Corp. v. Maris* (1984), 121 Ill. App. 3d 894, 460 N.E.2d 367.

In the case at bar, the trial court granted summary judgment, holding that subsection (a) of the statute quoted above entitled defendant to judgment as a matter of law because plaintiffs did not initiate acton within two years of discovering the leaks in their roof. In this court, plaintiffs argue that the issue of "discovery," *i.e.*, when plaintiffs "knew or should reasonably have known" of defendant's negligence, which commences the two-year limitation under subsection (a), is a factual question which should not have been decided by summary judgment. Alternatively, plaintiffs contend that the installation and/or repair of the roof did not constitute "construction" and, therefore, the statute was not applicable.

However, we believe that the dispositive issue is whether the statute precludes plaintiffs' right to sue on an express warranty or guarantee pursuant to its terms, even if the action is commenced more than two years after plaintiffs discovered possible negligence on the part of defendant but within the term of the warranty or guarantee. While neither the parties nor the trial court addressed this issue, plaintiffs' complaint did plead a cause of action on a guarantee (warranty); and, therefore, the issue was raised by the pleadings.

■ Subsection (d) excludes the application of the limitation where the defendant has expressly warranted the improvements for a period longer than provided in the statute. (Ill. Rev. Stat. 1981, ch. 110, par. 13—214(d).) Although subsection (d) only specifically indicates that it applies to the absolute time limitation of 14 years (12 years plus two year discovery period) in subsection (b), we believe that the legislature did not intend that the discovery limitation of subsection (a) should apply to extinguish a cause of action based on an express and separate guarantee or warranty executed by the parties. This is especially true where the legislature has not affirmatively indicated that the legislation should apply to extinguish a recognized cause of action in such a situation. *Cf. Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408.

■ Each part of a statute should be interpreted in light of every other provision, and the entire statute should be construed to produce

a harmonious whole. (*Estep v. Department of Public Aid* (1983), 115 Ill. App. 3d 644, 450 N.E.2d 1281.) It is also presumed that the legislature did not intend unjust or unreasonable consequences through its legislation. (*Herbert v. Board of Fire & Police Commissioners* (1981), 97 Ill. App. 3d 1138, 423 N.E.2d 1298.) Furthermore, a statute must be construed in consonance with principles of the State and Federal constitutions. *Village of Niles v. City of Chicago* (1980), 82 Ill. App. 3d 60, 401 N.E.2d 1235.

Thus, based on the principles outlined above, we conclude that the discovery provision of subsection (a) does not prohibit a separate action pursuant to an express guarantee or warranty regarding an improvement to real property. Otherwise the legislation would act to effectively, and unjustly, invalidate explicit guarantees (warranties) provided by builders, without notice to the public. Furthermore, the legislation would tend to impair the right of contract and thus would not be in harmony with the provision of either the State or Federal constitutions. U.S. Const. art. I, sec. 10; Ill. Const. 1970, art. XIII, sec. 5.

■ Accordingly, the plaintiffs' cause of action was not barred by section 13—214 of the Code of Civil Procedure, but was within the term as expressly provided in the contract of guarantee, and, therefore timely. See *Bank v. Naperville v. Holz* (1980), 86 Ill. App. 3d 533, 407 N.E.2d 1102.

Under these circumstances, the defendant has failed to sustain its burden of proving that it is entitled to judgment as a matter of law, and thus, the entry of summary judgment was improper. *Becovic v. Harris Trust & Savings Bank* (1984), 128 Ill. App. 3d 107, 469 N.E.2d 1379.

Accordingly, we reverse the judgment of the circuit court and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

CAMPBELL and O'CONNOR, JJ., concur.