(No. 63229.—

# BEN STELZER *et al.*, Appellees, v. MATTHEWS ROOFING COMPANY, INC., Appellant.

*Opinion filed July 13, 1987.*

GOLDENHERSH, J., took no part.
SIMON and MILLER, JJ., specially concurring.

William Butcher, of Chicago, for appellant.

Gerald M. Chapman, of Chicago, for appellees.

JUSTICE MORAN delivered the opinion of the court:

Plaintiffs, Ben and Eva Stelzer and Louise Meier, filed a two-count complaint alleging breach of contract against defendant, Matthews Roofing Company, Inc., in the circuit court of Cook County. Count I alleged breach of defendant's written 10-year guarantee given to plaintiffs' predecessor in interest in connection with installation of a roof. Plaintiffs sought damages in the amount of $2,800, the cost of replacing the roof. Count II alleged that "defendant's acts were willful, intentional, reckless and wrongful" and sought punitive damages in the amount of $10,000. Defendant filed a motion to dismiss, which was granted. However, plaintiffs were given leave to file an amended complaint.

Plaintiffs' amended complaint was in one count, seeking only to recover damages occasioned by defendant's breach of its written guarantee. Defendant answered and later served plaintiffs with interrogatories. Based on plaintiffs' answers, defendant moved for summary judgment on grounds that the action was not filed within two years of plaintiffs' discovery of defendant's alleged defective installation of the roof as required by section 13—214(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).) After consideration of opposing memoranda, defendant's motion was granted. On plaintiffs' appeal, the appellate court reversed, holding that "plaintiffs' cause of action was not barred by section 13—214 of the Code of Civil Procedure, but was within the term as expressly provided in the contract of guarantee, and, therefore timely." (140 Ill. App. 3d 383,

386.) The case is before this court on defendant's appeal pursuant to Supreme Court Rule 315 (115 Ill. 2d R. 315).

Only one issue is presented. We are asked to decide if the time for commencing an action for breach of a ·written contractual guarantee is governed by section 13–214(a) of the Code of Civil Procedure, which contains the limitations for actions concerning construction of or improvements to real property, or if the time for commencing such an action is governed by the length of the guarantee.

Defendant installed a roof on a building located at 8832 North Bronx, Skokie, Illinois. Work was completed in November 1974. The installation was undertaken for plaintiffs' predecessor in interest, R. R. Black. In connection with the installation, defendant gave Black a written guarantee, dated November 20, 1974, under which defendant "agree[d] to repair any leak in the roof at 8832 N. Bronx, Skokie free of charge for the term of ten (10) years, provided leaks are caused through fault with our work or material used."

Black sold the building to plaintiffs in April 1977. Along with the sale, Black assigned the guarantee covering the roof to plaintiffs. In January 1978, plaintiffs noticed that the roof leaked. Defendant was contacted and indicated that nothing could be done about the problem until the end of winter.

The next contact between the parties occurred on or about May 1, 1981, when plaintiff Ben Stelzer telephoned defendant. The record reveals that defendant was contacted because "the roof was improperly installed." On May 18, 1981, a representative of the defendant wrote to Ben Stelzer indicating that the roof needed to be replaced.

The record reveals no further contact between the parties. Plaintiffs proceeded to have the roof replaced by

another contractor and filed the instant action for recovery of the cost of this replacement.

We believe, as did the appellate court, that the dispositive issue is whether or not retroactive application of section 13—214 would operate to impair plaintiffs' contractual rights in violation of the constitutions of the United States and the State of Illinois. Before addressing this issue, we set out the relevant portions of the statute of limitations.

Section 13—214 provides in pertinent part:

> "(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission.
>
> (b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a) of this Section.
>
> ***
>
> (d) Subsection (b) *shall not prohibit any action against a defendant who has expressly warranted or promised the improvement to real property for a longer period from being brought within that period.*" (Emphasis added.) Ill. Rev. Stat. 1983, ch. 110, par. 13—214 (hereafter the Construction Limitations Act).

We begin our analysis by observing that the legislature was aware that the Construction Limitations Act could impair contractual rights and obligations entered

into prior to its effective date, November 29, 1979. A careful reading of the Act suggests that the legislature's specific concern was the impairment of express warranties and promises, including express guarantees. This concern is clear from the language of subsections (b) and (d) cited above. These two provisions operate together to exempt all construction-based causes of action premised on an express warranty or promise for a term longer than 12 years from both the discovery period of section 13—214(a) and the period of repose of section 13—214(b). Thus, a cause of action predicated on an express warranty or promise exceeding 12 years and entered into before the effective date of the Act is not governed by sections 13—214(a) and 13—214(b) of the Act. Instead, under the language of section 13—214(d), the statute of limitations and the period of repose governing actions on express warranties or promises of longer than 12 years is the length of the warranty or promise itself.

The legislature, however, did not address the impact of section 13—214(d) on express warranties or promises with a duration of less than 12 years and entered into prior to the effective date of the Act. But, in our view, section 13—214(d) must be read to allow a cause of action to be brought within the express term of a guarantee of less than 12 years, such as the 10-year guarantee here in issue. Any other construction would impair plaintiffs' preexisting rights under defendant's 10-year guarantee by requiring the action to be brought within the two-year discovery period rather than within the term of the guarantee.

Legislation which substantially impairs contractual rights is unconstitutional unless justified as a reasonable exercise of the police power to secure an important public interest. *Allied Structural Steel Co. v. Spannaus* (1978), 438 U.S. 234, 242-44, 57 L. Ed. 2d 727, 734-36,

98 S. Ct. 2716, 2721-22; *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 21-24.

We are unable to discern the important governmental interest served by impairing a preexisting express guarantee of less than 12 years while, at the same time, preserving the effect of a preexisting express guarantee of longer than 12 years. No such interest has been brought to our attention.

Applying section 13—214(d) to the facts of this case, we conclude that plaintiff's action was filed within the term of defendant's guarantee and, as such, was timely for purposes of the Construction Limitations Act.

For the reasons stated, we affirm the judgment of the appellate court and remand the cause to the circuit court of Cook County for proceedings consistent with the views expressed herein.

*Judgment affirmed;*
*cause remanded.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.

JUSTICE SIMON, specially concurring:

Section 13—214(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a)) sets forth a statute of limitations barring actions such as the plaintiffs' if brought more than two years after discovery of the defect. Subsection (b) creates a 12-year period of repose, while subsection (d) provides that the 12-year period of repose in "[s]ubsection (b) shall not prohibit any action against a defendant who has expressly warranted or promised the improvement to real property for a longer period from that being brought within that period." It is the majority's apparent failure to recognize the dual character of section 13—214 (a statute of limitations for two years and a statute of repose for 12 years

or longer in the event of an express warranty) that causes it to misconstrue the statute.

The majority's misconstruction begins with the attribution of intentions that the General Assembly did not have.

> "A careful reading of the Act suggests that the legislature's specific concern was the impairment of express warranties and promises, including express guarantees. This concern is clear from the language of subsections (b) and (d) cited above. *These two provisions operate together to exempt all construction-based causes of action premised on an express warranty or promise for a term longer than 12 years from both the discovery period of section 13—214(a) and the period of repose of section 13—214(b).* Thus, a cause of action predicated on an express warranty or promise exceeding 12 years and entered into before the effective date of the Act is not governed by sections 13—214(a) and 13—214(b) of the Act." (Emphasis added.) (117 Ill. 2d at 190.)

As I read section 13—214(d), it does not purport to exempt actions under express warranty from the two-year limitations period, but only from the repose period of subsection (b) to allow freedom to contract for a longer term of protection. Since subsection (d) does not, contrary to the majority opinion, purport to exempt actions under express warranties of longer than 12 years from the two-year period of limitations, the unreasonable classification which the majority finds to rationalize its opinion is wholly illusory.

Moreover, I find nothing in either the statute or the legislative debates to support the theory that the law applicable in this case was concerned with not impairing existing contract rights. As originally enacted, the statute explicitly provided that it did not govern acts or omissions which had already occurred (Ill. Rev. Stat. 1981, ch. 83, par. 22.3(e)), but the statute was amended by Public Act 82—539 in 1981 to eliminate that lan-

guage. House debates on Public Act 82—539 express the specific intent to extend operation of the statute to construction work completed prior to its enactment in 1979. Therefore, the majority's assertion that "a cause of action predicated on an express warranty or promise exceeding 12 years *and entered into before the effective date of the Act is not governed by section[] 13—214(a)*" (emphasis added) (117 Ill. 2d at 190) ignores the statute's legislative history.

Section 13—214 required at the time this action commenced that such actions be filed within two years of the date the defect was or reasonably should have been discovered (that period has since been increased to four years). In this case, the plaintiffs' answers to interrogatories disclose that "the leaks were discovered in January, 1978. *** The leaks appeared all around the building, specifically on the northside and southside of the building." The defendant contends that the statute began to run in January of 1978, but the plaintiffs claim that the limitations period was not triggered by discovery of the leaks in 1978. They argue that the two-year period began to run in May 1981 after it was discovered that the defendant's deviation from the contract specifications caused the leaks to occur. See *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161.

Of course, the plaintiffs cannot evade the limitations period of section 13—214(a) by simply putting off investigating the cause of a leaky roof which is symptomatic of faulty construction. Such an investigation should, in conformance with the statutory language, be conducted within a "reasonable" time. "At some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416; see *Witherell v. Weimer* (1981), 85 Ill. 2d

146.) The record in this case, however, is not sufficiently developed to address the reasonableness question. Though we know the leaks appeared in 1978, we do not know whether the leaks continued or worsened. If they did the trier of fact might conclude that it was unreasonable for the plaintiffs to make no attempt to discover the cause for three years. On the other hand, it may be that the roof promptly ceased leaking after January 1978 and that the leaks did not recur until shortly before discovery of the defect in May 1981. I do not believe, therefore, that the trial court was justified in awarding the defendant summary judgment without examining the reasons for the plaintiffs' three-year delay between observing the leaks and finding the cause.

For these reasons, I disagree with the majority's certainty that this action was timely filed, while concurring in the judgment that it should not have been dismissed, at least not on this record. I would remand this cause to the circuit court for trial and determination by the trier of fact of the date on which the two-year period of limitations began to run.

JUSTICE MILLER joins in this special concurrence.