*In re* APPLICATION OF THE KANE COUNTY COLLECTOR, for Judgment and Order of Sale Against Lands and Lots Returned Delinquent for Nonpayment of Taxes for the Year 1992 and Prior Years (Dean L. Johnson, Petitioner-Appellant, v. The County of Kane, Respondent-Appellee).

Second District   No. 2—97—0979

Opinion filed July 9, 1998.

John Robert Barr, of Barr & Barr, of Decatur, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Ronald D. O'Neal, Jr., and Patricia Johnson Lord, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Petitioner, Dean Johnson, appeals the judgment in favor of respondent, the County of Kane (County), denying petitioner's request for the recovery of the purchase price paid during an unsuccessful attempt to secure a tax deed. Petitioner alleges that the trial court erred in concluding that he failed to make a *bona fide* attempt to comply with the statutory provisions governing the service of notice to the property owners.

At a tax sale in November 1993, petitioner purchased certificate No. 93—1664 for $7,793.63. The final redemption date was October 31, 1996. To obtain a tax deed for the property, petitioner had to (1) search the county records to determine the identity of all interested parties; (2) physically examine the property to determine the identity of any occupants; (3) prepare and file the petition for a tax deed; (4) prepare and deliver to the circuit clerk a take notice form for the clerk to mail to all interested parties; (5) prepare and deliver

the take notice form to the county sheriff to be served on all interested parties; and (6) prepare and deliver a notice to be published in the appropriate newspaper. 35 ILCS 200/22—10 through 22—30 (West 1996); *In re Application of the County Collector for Judgment Order of Sale Against Lands & Lots Forfeited for Nonpayment of General Taxes & Special Assessments for the Year 1985 & Prior Years*, 220 Ill. App. 3d 933, 938 (1991). Petitioner had to perform these activities no more than five months nor less than three months before the redemption period expired. 35 ILCS 200/22—10 through 22—30 (West 1996); *In re Application of the County Collector*, 220 Ill. App. 3d at 938-39. Thus, petitioner had from May 31 to July 31 to complete these activities.

Here, petitioner complied with all these requirements during the applicable time limits. He was unable to obtain a tax deed, however, because the sheriff's department did not mail the notices until August 14, which was less than three months before the redemption period expired. See *In re Application of the County Treasurer & Ex Officio County Collector of Cook County, Illinois, for Order of Judgment & Sale of Lands & Lots Upon Which All or Part of the General Taxes for Five or More Years are Delinquent Pursuant to Section 235A of the Revenue Act of 1939, as Amended*, 213 Ill. App. 3d 535, 542 (1991).

■ Since petitioner could not obtain a tax deed, he filed a petition pursuant to section 22—50 of the Property Tax Code (35 ILCS 200/ 22—50 (West 1996)). Section 22—50 provides:

"If the court refuses to enter an order directing the county clerk to execute and deliver the tax deed, because of the failure of the purchaser to fulfill any of the above provisions, and if the purchaser *** has made a bona fide attempt to comply with the statutory requirements for the issuance of the tax deed, it shall order the return of the purchase price forthwith, as in case of sales in error, except that no interest shall be paid on the purchase price." 35 ILCS 200/22—50 (West 1996).

Petitioner delivered the notices to the sheriff's department on July 11, 20 days before they had to be mailed. He argued that providing the sheriff with 20 out of the possible 60 days gave the sheriff sufficient time to mail the notices and demonstrated that he had made a *bona fide* attempt to comply with the notice requirements. The trial court disagreed and entered judgment in favor of the County. In so doing, the court specifically found that petitioner should have completed his research and preparation within 10 to 20 days and should have given the sheriff's department 40 to 50 days to mail the notices. The court further found that, if petitioner gave the sheriff's department fewer than 40 to 50 days, petitioner should have informed the sheriff's department that the notices had to be mailed by a certain date. Subsequently, petitioner filed a timely notice of appeal.

■ We first address the proper standard of review to apply. Petitioner contends that the issue on appeal involves the construction of a statute and that we must review the trial court's judgment *de novo*. The County does not contest this assertion. After reviewing the briefs and the record, however, we have concluded that we cannot review the court's judgment *de novo*. The trial court was not required to interpret the statute; instead, the court was required to determine whether petitioner made a *bona fide* attempt to comply with the statutory requirements. This is clearly a factual determination. Thus, we must affirm the trial court's judgment unless it is against the manifest weight of the evidence. *Bazydlo v. Volant*, 164 Ill. 2d 207, 215 (1995). A judgment is against the manifest weight of the evidence if the opposite conclusion is apparent or if the findings appear unreasonable, arbitrary, or not based on the evidence. *Bazydlo*, 164 Ill. 2d at 215.

■ Before addressing petitioner's argument, we must first address the County's argument that petitioner is not entitled to recover his money because the sale was not a sale in error as defined by section 21—310 of the Property Tax Code (35 ILCS 200/21—310 (West 1996)). We agree with the County that section 21—310 will not grant petitioner the relief he seeks. We fail to see, however, how this fact is relevant. Petitioner does not and has not sought to recover pursuant to section 21—310. Instead, petitioner seeks to recover pursuant to section 22—50.

Section 22—50 provides a specific statutory remedy for a party who is unable to obtain a tax deed after the party attempted to but did not comply with the statutory notice requirements. This is petitioner's situation. Thus, as long as he complies with the other requirements of section 22—50, he is entitled to the remedy provided by section 22—50, regardless of whether he is entitled to the remedy provided by section 21—310.

■ We turn now to the question of whether the trial court erred in concluding that petitioner did not make a *bona fide* attempt to comply with the statutory notice requirements. A *bona fide* attempt is one made "[i]n or with good faith; honestly, openly, and sincerely; without deceit or fraud." Black's Law Dictionary 177 (6th ed. 1990). It is "[r]eal, actual, genuine, and not feigned." Black's Law Dictionary 177 (6th ed. 1990).

■ Here, petitioner delivered to the sheriff's department the notices for this property and 12 to 14 others. At that time, the sheriff's department had 20 days to mail the notices. Petitioner has delivered "several hundred" notices to the sheriff's department for service, and, in his experience, 20 days has been sufficient time for the sheriff's department to send notices by certified mail. Further, Caroline Bjorn-

son, the person who processes the notices for the sheriff's department, testified that normally she processes the notices 1 to 1¹/₂ days after she receives them. Bjornson further testified that, on August 14, it took her only 10 minutes to process all of the notices for this property and to prepare them for mailing.

After reviewing this evidence, we fail to see how it supports the trial court's conclusion that petitioner did not make a *bona fide* attempt to comply with the statutory notice requirements. While we recognize that a party should leave the sheriff's department with sufficient time to serve the notices, we cannot agree with the trial court that, if the party leaves the sheriff's department with less than 40 days to serve the notices, the party must inform the sheriff's department of this or be declared to have not made a *bona fide* attempt to comply with the statutory requirements. Further, we cannot agree that a party must leave the majority of the time period for the sheriff's department to serve the notices. Here, petitioner had to do many things, including physically inspect the property, perform a title search, prepare three sets of notices, and prepare a petition for a tax deed. Moreover, petitioner had to perform these actions during the 60-day period. The sheriff's department, on the other hand, had only to accept the notices from petitioner and mail them.

Absent some other evidence to demonstrate that petitioner was not acting in good faith or not acting openly and honestly, we cannot conclude that leaving the sheriff's department 20 days to place 6 notices in the mail shows an absence of a *bona fide* attempt to obtain service. Consequently, we hold that the court's judgment was against the manifest weight of the evidence.

We therefore reverse the judgment of the circuit court of Kane County, and, pursuant to the power granted us by Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we enter judgment in favor of petitioner in the amount of $7,793.63.

The judgment of the circuit court of Kane County is reversed, and judgment in the amount of $7,793.63 is entered in favor of petitioner.

Reversed; judgment entered.

GEIGER, P.J., and DOYLE, J., concur.