*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COLLECTOR OF COOK COUNTY, For Order of Judgment and Sale of Lands and Lots Upon Which All or Part of the General Taxes For Two or More Years Are Delinquent (Fleishman Associates, Petitioner-Appellee, v. The County Treasurer and *ex officio* Collector of Cook County, Respondent-Appellant).—*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COLLECTOR OF COOK COUNTY, For Order of Judgment and Sale of Lands and Lots Upon Which All or Part of the General Taxes For Two or More Years Are Delinquent (Fitz Corporation, Petitioner-Appellee, v. The County Treasurer and *ex officio* Collector of Cook County, Respondent-Appellant).

First District (5th Division)   Nos. 1—98—1052, 1—98—1102 cons.

Opinion filed June 18, 1999.

'Richard A. Devine, State's Attorney, of Chicago (Patricia M. Shymanski, Dean M. Victor, and Marie E. Smuda, Assistant State's Attorneys, of counsel), for appellant.

Flamm & Teibloom, Ltd., of Chicago (Matthew A. Flamm and Tara Taylor Bernstein, of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

The Cook County treasurer and *ex officio* county collector (Collector) appeals the circuit court's award of the refund of costs to petitioners-appellees Fleishman Associates (Fleishman) and Fitz Corporation (Fitz) pursuant to section 22—50 of the Property Tax Code (35 ILCS 200/22—50 (West 1996)), in connection with their purchase of tax certificates at Cook County scavenger tax sales. Fleishman and Fitz had petitioned the court for the refunds, along with the refunds of the purchase prices paid under section 22—50 where, despite their alleged "bona fide attempts" to satisfy the statutory notice requirements for issuance of tax deeds, they failed to meet those requirements due to their own deficient submissions.

The issue presented by this appeal is whether the circuit court erred in awarding petitioners a refund of their costs in addition to a refund of the purchase price, pursuant to section 22—50 of the Property Tax Code (Code) (35 ILCS 200/22—50 (West 1996) (section 22—50)).

The undisputed facts establish that on August 8, 1995, at the 1995 scavenger tax sale, the Collector sold the 1983-93 delinquent real estate taxes on certain property identified by a permanent index number to Fleishman. On March 26, 1996, Fleishman filed a petition for tax deed but did not comply with the provisions of the Code, which required service on all parties who had an interest in the real estate represented by the taxes purchased. Consequently, on July 30, 1997, Fleishman petitioned the circuit court, pursuant to section 22—50 of the Code (35 ILCS 200/22—50 (West 1996)), for a refund of the purchase price of the tax sale, along with costs posted to the Collector's tax, judgment, sale, redemption, and forfeiture records (posted costs). The petition was based on the fact that Fleishman allegedly had made a *bona fide* attempt to satisfy the statutory notice requirements for issuance of a tax deed but, due to its own conduct, failed to meet those requirements.

The Collector, among other things, objected to the refund of the posted costs, asserting that the plain language of section 22—50 did not provide for such refund, but only for the refund of the purchase price, as in the case of sales in error. The Collector further argued that

a review of the sale in error provisions of the Code, particularly section 21—315 (35 ILCS 200/ 21—315 (West 1996) (section 21—315)), revealed that no costs were to be refunded under section 22—50, as section 21—315 expressly limited the refund of costs to those cases where a sale was declared in error pursuant to sections 21—310 (35 ILCS 200/21—310 (West 1996) (section 21—310)) and 22—35 (35 ILCS 200/22—35 (West 1996) (section 22—35)) of the Code. The Collector also argued that no provision was made for the refund of costs from the sale in error fund pursuant to section 21—330 of the Code (35 ILCS 200/21—330 (West 1996) (section 21—330)). The Collector concluded that because a refund of the purchase price under section 22—50 was not in fact a sale in error, and not within the proscriptions of sections 21—315 and 21—330, no costs should be refunded.

On October 15, 1997, following a hearing, the circuit court refused the entry of an order for tax deed due to Fleishman's failure to comply with the statutory requirements for issuance of a tax deed. The court further determined that since Fleishman made a *bona fide* attempt to comply with the statutory requirements, pursuant to section 22—50, it was entitled to a refund of the purchase price of its tax sale, along with the posted costs in the amount of $892.10. The court then ordered that the refund of costs be paid out of the sale in error fund, as created by section 21—330 of the Code.

In reaching its decision to allow the award of costs, the circuit court reviewed the sale in error provisions of the Code and determined that section 21—315 should be read in conjunction with section 22—50. More specifically, the court determined that section 21—315 provided for a refund of costs where a sale was declared to be in error, but limited the circumstances under which interest would be awarded. Since section 21—315 provided for the refund of costs where a sale was to be declared in error, and section 22—50 stated that the purchase price should be refunded as in the case of a sale in error, the court awarded Fleishman its posted costs. The nature of the costs for which Fleishman requested a refund were those incurred in preparation of going to deed, namely, notice, service and filing fees paid to the Cook County clerk, Cook County sheriff, and clerk of the circuit court of Cook County, respectively, publication and mailing costs, and fees paid to the Cook County recorder of deeds.

On November 10, 1997, the Collector moved the circuit court to reconsider its award of costs, arguing error on two grounds. First, the Collector argued that the court misconstrued the clear mandate of section 21—315, that costs were to be refunded only in the case of a sale in error arising under sections 21—310 and 22—35 of the Code. Second, the Collector argued that, in ordering costs to be refunded

from the sale in error fund, the court disregarded the plain language of section 21—330, which provided that costs paid from that fund be made only in those circumstances where a sale has been declared in error under section 21—310. On February 26, 1998, following a hearing, the court denied the motion to reconsider. On October 4, 1993, at the 1993 scavenger tax sale, the Collector sold the 1990-91 delinquent real estate taxes on four properties identified by permanent index numbers to Fitz. On February 28, 1996, Fitz filed a petition for tax deed but did not comply with the provisions of the Code in serving all parties who had an interest in the real estate represented by the taxes purchased. Therefore, on July 8, 1997, Fitz petitioned the circuit court (other than the court presiding in Fleishman) pursuant to section 22—50 of the Code for a refund of the purchase price of the tax sales, along with costs posted to the Collector's tax, judgment, sale, redemption and forfeiture records or judgment book. Fitz's alleged basis for the petition was that it had made a *bona fide* attempt to satisfy the statutory notice requirements for issuance of a tax deed but, due to its own conduct, failed to meet those requirements. As in the Fleishman case, the Collector objected to a refund of the posted costs based upon his interpretation of section 22—50.

On October 14, 1997, the circuit court refused the entry of an order for tax deed due to Fitz's failure to comply with the statutory requirements for issuance of a tax deed. The court further determined that as Fitz made a *bona fide* effort to comply with the statutory requirements, it was entitled to a section 22—50 refund of the purchase price of its tax sales, along with posted costs in the amount of $1,213.52. As in the Fleishman matter, the court then ordered that the refund of costs be paid out of the sale in error fund, created by section 21—330. The costs for which Fitz requested a refund also were those incurred in preparation of going to deed, namely, notice, service and filing fees paid to the Cook County clerk, Cook County sheriff, and clerk of the circuit court of Cook County, respectively, and publication and mailing costs.

On November 10, 1997, the Collector moved the circuit court to reconsider its award of costs, arguing the same grounds of error as in the Fleishman case. On March 3, 1998, after a hearing, the court, following the first court's ruling in the Fleishman case, denied the Collector's motion to reconsider.

Upon the Collector's motion, the above causes were consolidated for purposes of appeal since both cases raise the same issue. Fleishman and Fitz will be referred to collectively as petitioners. Because the question with which this court is presented, whether the circuit court erred in awarding the petitioners a refund of their posted costs

under section 22—50, involves statutory construction, a question of law, this court's review of the issue is *de novo*. *In re Application for Tax Deed*, 285 Ill. App. 3d 930, 932, 675 N.E.2d 285 (1997).

The Collector contends that the circuit court erred in awarding a refund of posted costs under section 22—50 to petitioners, where: (1) the court's award of costs was contrary to the plain language and meaning of section 22—50; (2) the courts erroneously concluded that section 21—315 provided for the refund of costs under section 22—50; (3) the court's order directing that the costs refunded be paid out of the sale in error fund is contrary to the language of section 21—330; and (4) public policy dictates that posted costs not be refunded where the reason for the refund is due to the tax purchaser's own conduct.

■ Petitioners submit the interpretation urged by the Collector renders meaningless the last two phrases of section 22—50, namely, "as in case of sales in error, except that no interest shall be paid on the purchase price." A reviewing court's function when interpreting and construing statutes is to ascertain and give effect to the legislature's intent in enacting the statute, by examining the statutory language and attempting to discern the statute's objective and the problems sought to be remedied. *Chemed Corp. v. State of Illinois*, 186 Ill. App. 3d 402, 411, 542 N.E.2d 492 (1989) (*Chemed*). A reviewing court must look to the statutory language as a whole, considering each section in connection with every other section of a given act. *In re Petition for Declaration of Sale in Error*, 256 Ill. App. 3d 159, 162-63, 628 N.E.2d 1182 (1994). Every word, clause and section of a statute should be given some reasonable meaning when possible. *In re Petition for Declaration of Sale in Error*, 256 Ill. App. 3d at 163. Absurd results should be avoided, as well as an interpretation which renders any part of the statute superfluous. *In re Petition for Declaration of Sale in Error*, 256 Ill. App. 3d at 163.

■ Section 22—50 provides a specific statutory remedy for a petitioner who is unable to obtain a tax deed after unsuccessfully attempting to comply with the statutory notice requirements (*In re Application of the Kane County Collector*, 297 Ill. App. 3d 745, 748, 697 N.E.2d 1185 (1998)), as in the instant consolidated cases. Section 22—50 provides:

> "If the court refuses to enter an order directing the county clerk to execute and deliver the tax deed, because of the failure of the purchaser to fulfill any of the above provisions, and if the purchaser *** has made a bona fide attempt to comply with the statutory requirements for the issuance of the tax deed, it shall order the return of the purchase price forthwith, as in case of sales in error, except that no interest shall be paid on the purchase price." 35 ILCS 200/22—50 (West 1996).

The language in section 22—50, "as in case of sales in error," requires reference to sections 21—310 and 22—35, which are the only Code sections authorizing a tax sale to be vacated and declared a sale in error. After enumerating several grounds upon which a sale in error shall be granted, section 21—310 further provides that if a tax sale is declared a sale in error (which did not occur in the present cases), then the Collector shall, among other things, refund the amount paid, on demand by the tax purchaser, and "pay any interest and costs as may be ordered under [s]ections 21—315 through 21—335."[1] It is apparent, then, that the circuit court relied on section 21—315, the only instance setting forth the grounds upon which an award of interest and costs may be ordered by the court when declaring a sale in error. The circuit court read section 21—315 and concluded that, although section 22—50 contains a restriction regarding the awarding of interest, there was no prohibition against refunding costs. The court ruled that a refund ordered pursuant to section 22—50 should also include costs similar to any other "sale in error" refund, except without interest. Such an interpretation, however, is inconsistent with the plain language and meaning of section 21—315 and does not give full effect to the intent of the statute.

Sections 21—315(a) and (b)(ii) provide, in relevant part:

"(a) In those cases which arise *solely under grounds set forth in Section 21—310 or 22—35, and in no other cases*, the court which orders a sale in error shall also award interest on the refund of the amount paid for the certificate of purchase, together with all costs paid by the owner of the certificate of purchase or his or her assignor which were posted to the tax judgment, sale, redemption and forfeiture record, except as otherwise provided in this Section. ***

(b) Interest on the refund to the owner of the certificate of purchase shall not be paid *** (ii) when the sale in error is made *** pursuant to Section 22—35." (Emphasis added.) 35 ILCS 200/ 21—315(a), (b)(ii) (West 1996).

It is clear from the language of section 21—315 that by the mandatory language "and in no other cases," the legislature intended to limit the award of interest and costs only to those instances where the sale in

---

[1]Section 22—35 involves dissimilar circumstances and applies where there is a municipal lien under the police and welfare powers on the property which is the subject of a tax sale, and neither reimbursement nor waiver of the lien is made. Under such circumstances, the section provides that "the court shall order that the tax purchase be set aside as a sale in error." 35 ILCS 200/ 22—30 (West 1996).

error is brought pursuant to sections 21—310 and 22—35. By engrafting an award of costs onto section 22—50, the court ignored the mandate of section 21—315 and the legislature's intent to limit costs to only certain types of sales in error, for which neither of the instant consolidated cases qualify. The legislature has not authorized courts to refund costs to a tax purchaser in all sales in error situations. The circuit courts here erred in refunding costs to the petitioners under the supposed authority of section 22—50.

Furthermore, the court's order, directing that the costs refunded be paid out of the sale in error fund created by section 21—330, would have been contrary to the language of section 21—330, which expressly limits the payment of interest and costs only to those sales in error brought pursuant to section 21—310.

Section 21—330 provides in pertinent part:

> "The fund shall be held to satisfy orders for payment of interest and costs obtained against the county treasurer as trustee of the fund. *No payment shall be made from the fund except by order of the court declaring a sale in error under Section 21—310.*"

(Emphasis added.) 5 ILCS 200/21—330 (West 1996). The "as in" language of section 22—50 does not fulfill the requirement for a sale in error under section 21—310, and the courts were without authority to order the Collector to refund these costs out of the sale in error fund.

■ The language of section 22—50, when considered in context with the other relevant sections cited above, mandates the conclusion that the circuit courts went beyond the statutory provisions of section 22—50, in ordering the refunds of costs to the petitioners. *Dow Chemical Co. v. Department of Revenue*, 224 Ill. App. 3d 263, 266, 586 N.E.2d 516 (1991); *Stelzer v. Matthews Roofing Co.*, 140 Ill. App. 3d 383, 385-86, 488 N.E.2d 1293 (1986), *aff'd in part & remanded in part*, 117 Ill. 2d 186, 511 N.E.2d 421 (1987).

Petitioners maintain that where section 22—50 expressly excludes the payment of interest, it cannot be interpreted as implicitly excluding costs as well, citing *People ex rel. Difanis v. Barr*, 83 Ill. 2d 191, 199, 414 N.E.2d 731 (1980) ("an expression of certain exceptions in a statute is construed as an exclusion of all others"); *People v. $8,450 United States Currency*, 276 Ill. App. 3d 952, 955, 659 N.E.2d 103 (1995) ("[t]he enumeration of exceptions in a statute will be construed as an exclusion of all others"). The supreme court cautions, in this regard, however:

> "We recognize that the principle that the expression of one thing in a statute excludes any other thing is only a rule of statutory construction, not a rule of law. It is merely a rule that courts use to

help them ascertain the intent of the legislature where such intent is not clear from the statute's plain language. The maxim is applied only when it appears to point to the intent of the legislature, not to defeat the ascertained legislative intent. The rule may be overcome by a strong indication of legislative intent. *Illinois Central R.R. Co. v. Franklin County*, 387 Ill. 301, 313-14 (1944); accord *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555 (1992)." *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 153-54, 688 N.E.2d 90 (1997).

To construe section 22—50 as authorizing the refund of costs upon such a rule of construction for which petitioners contend would require this court to thrust the authorization for costs into language which does not itself do so, and completely ignore the strong language of section 21—315 which explicitly directs:

> "*In those cases which arise solely under grounds set forth in Section 21—310 or 22—35, and in no other cases, the court which orders a sale in error shall also award interest* on the refund of the amount paid for the certificate of purchase, *together with all costs* paid by the owner of the certificate of purchase of his or her assignor which were posted to the tax judgment, sale, redemption and forfeiture record, except as otherwise provided in this [s]ection." (Emphasis added.) 35 ILCS 200/21—315(a) (West 1996).

The circuit court in each of the consolidated cases erroneously refunded posted costs to petitioners, and the judgment in each case is reversed and remanded with instructions to vacate the awards of costs.

Reversed and remanded.

HOURIHANE, P.J., and THEIS, J., concur.