# Illinois Official Reports

## Appellate Court

*In re Application of the County Collector*, 2017 IL App (3d) 150809

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY COLLECTOR, for the Sale of Delinquent Real Estate Taxes (Steve Sodeman, Petitioner-Appellant, v. The Rock Island County Collector, Respondent-Appellee). |
| District & No. | Third District<br>Docket No. 3-15-0809 |
| Filed | January 6, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 14-TX-68; the Hon. Clarence M. Darrow, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James B. Eagle, of Eagle & Eagle, of Rock Island, for appellant.<br><br>Christopher E. Sherer and Matthew R. Trapp, of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices McDade and Wright concurred in the judgment and opinion. |

## OPINION

¶ 1         Petitioner Steve Sodeman bought a property owned by Mary Gatewood at a tax sale and filed for a tax deed. The trial court denied his petition because Sodeman failed to serve the property owner and taxpayer. He subsequently sought a sale in error, which the trial court also denied, finding that Sodeman did not make a *bona fide* attempt to comply with the statutory notice requirements. We affirm.

¶ 2                                                FACTS

¶ 3         Petitioner Steve Sodeman paid the taxes and received a tax sale certificate of purchase for real estate located at 525 9th Street in Rock Island at the annual tax sale in Rock Island County in December 2011. The owner and taxpayer of the property was Mary Gatewood. Sodeman thereafter bought the taxes due on the property in 2012 and 2013. In July 2014, Sodeman obtained a title search, visited the property, and determined the identity of the property's occupants.

¶ 4         On August 4, 2014, Sodeman filed a petition for tax deed and take notices for the interested parties, including Gatewood. Sodeman delivered the take notices to the sheriff's department and the circuit clerk for the appropriate service, and he published notice. On August 18, the take notice was filed with a certified mail receipt from the clerk's office indicating the notice for Gatewood was delivered to Marissa Martin at the subject address. The sheriff's department's certified mail receipt also indicated Martin accepted notice at the subject address. The return sheet from the sheriff's department stated that the notice was not personally served and the "subject [was] unknown." An affidavit in support of the petition was signed by Sodeman and provided that Sodeman searched various county records and published notice and that Gatewood was served by the sheriff or by mail at the subject address.

¶ 5         At hearings in February and March 2015, service of interested parties, including Gatewood, was discussed. Sodeman acknowledged Gatewood as the property's owner and taxpayer and admitted she no longer lived at the subject address. Sodeman stated that his affidavit provided that Gatewood was served via abode service. The trial court determined that there was no return of service indicating abode service. The trial court noted that Sodeman did not present any documentation regarding service or lack of service, either personal, substitute, or abode, or any evidence Gatewood could not be found, such as the sheriff's department diligent search form.

¶ 6         In April 2015, another hearing took place. Sodeman presented the testimony of Joel Keim, an employee of the Rock Island County Sheriff's Department. He served notice on the occupants of the property. Gatewood was not there and the occupants did not know her whereabouts. Keim did not attempt any other means to serve Gatewood and did not engage in any further inquiry to discover her whereabouts, such as inquiring at the post office or through a skip trace.

¶ 7         Sodeman testified that he used information from the county treasurer's and assessor's offices and an Internet search to locate Gatewood, which all showed her address as the subject property. The Internet search revealed her phone number was connected to the address at issue. He did not call the phone number he found. He did not check the post office or ask relatives or the property's occupants where Gatewood could be found. He did not check the county clerk's

office or the files in either of the foreclosure cases pending against Gatewood in Rock Island County. The limited title search he did in July 2014 did not reveal the foreclosures. The trial court observed that the clerk's docket revealed foreclosures against Gatewood in 2012 and one pending in 2014 and that those files showed a different address for Gatewood. The court denied Sodeman's petition for tax deed, finding Sodeman failed to make a diligent inquiry and effort to locate Gatewood.

¶ 8 Sodeman filed a petition for sale in error in August 2015. The County objected and a hearing took place to determine whether Sodeman made a *bona fide* attempt to comply with the statutory notice requirements. Sodeman testified he did not know the address he obtained for Gatewood from the treasurer's and assessor's offices was incorrect. He did not check the county court files. The sheriff's department filed a return notice but did not send a return of service to him. The sheriff's department did not notify him that it served Gatewood or that it was unable to serve her. He also stated that the postcard notice of the tax sale he mailed to Gatewood was not returned, so he concluded it had been delivered to her. Sodeman located Gatewood's name on the Judici website, but he did not know how the website worked and did not obtain any information from it. Sodeman was familiar with the homestead and senior property tax exemptions available to Illinois residents and acknowledged that the treasurer's document from which he obtained Gatewood's address indicated the subject property did not have homestead exemption. He stated that some people do not know to apply for the exemptions.

¶ 9 The trial court found that Sodeman's efforts to serve Gatewood per the statutory requirements were "cursory" and not diligent and denied Sodeman's petition for sale in error. He filed a motion to reconsider, which the trial court denied after a hearing. Sodeman appealed.

¶ 10 ANALYSIS

¶ 11 The issue on appeal is whether the trial court erred when it denied Sodeman's petition for a tax sale. Sodeman argues that the trial court's finding that he failed to make a *bona fide* attempt to comply with the statutory requirements to serve Gatewood was in error. He maintains that, except for lack of notice to Gatewood, he strictly complied with the statutory requirements and put forth a *bona fide* effort sufficient for the trial court to find a sale in order.

¶ 12 To fulfill the statutory requirements for a tax deed, a buyer must (1) search the county records to identify the interested parties, (2) physically examine the property to identify any occupants, (3) file the petition for tax deed, (4) deliver a take notice form to the circuit clerk to be mailed to all interested parties, (5) deliver a take notice to the county sheriff for service on all interested parties, and (6) deliver a notice to be published. 35 ILCS 200/22-5 through 22-25 (West 2014); *In re Application of the Kane County Collector*, 297 Ill. App. 3d 745, 746-47 (1998).

¶ 13 Where a trial court refuses to order the issuance of a tax deed due to the buyer's failure to fulfill the statutory requirements and the buyer made a *bona fide* attempt to comply with statutory requirements for a tax deed to issue, the buyer may petition the court to declare the tax sale to be a sale in error. 35 ILCS 200/22-50 (West 2014). A sale in error ruling entitles the buyer to receive a refund of all the amounts he has paid. *In re Application of the County Collector*, 325 Ill. App. 3d 152, 156 (2001). It is the petitioner's burden to establish that he

complied with the statutory requirements or made a *bona fide* attempt to comply. *In re Application of the County Collector*, 219 Ill. App. 3d 396, 403 (1991).

¶ 14 "A *bona fide* attempt is one made '[i]n or with good faith; honestly, openly, and sincerely; without deceit or fraud' " and "[i]t is '[r]eal, actual, genuine, and not feigned.' " *Kane County Collector*, 297 Ill. App. 3d at 748 (quoting Black's Law Dictionary 177 (6th ed. 1990)). Whether a buyer made a *bona fide* attempt to comply with the statutory requirements is a factual question, and we will not reverse a trial court's determination unless it was against the manifest weight of the evidence. *Kane County Collector*, 297 Ill. App. 3d at 748.

¶ 15 Sodeman maintains he demonstrated that he made a *bona fide* attempt to comply with the statutory notice requirements and is entitled to a sale in error. The trial court found that he did not exercise diligence in locating and serving Gatewood and therefore did not make a *bona fide* attempt to obtain the tax deed. The trial court determined "the bare minimum" efforts to serve Gatewood put forth by Sodeman did not support a *bona fide* attempt to comply. We agree with the trial court.

¶ 16 To be entitled to a finding of a sale in error and a refund, Sodeman had to establish that he made a good faith effort to fulfill the statutory steps necessary to obtain a tax deed. The mandatory steps included providing notice to the property owner and taxpayer, Gatewood. There is no dispute that Gatewood was never personally served notice of the tax sale of her property. In fact, in his motion to reconsider the denial of his request for a sale in error, Sodeman submitted that he complied with the statutory notice requirements with "one exception," Gatewood, to whom he had failed to give notice. He further submitted that his strict compliance with all the statutory requirements, with the "one exception" of lack of notice to Gatewood, constituted a *bona fide* attempt to comply.

¶ 17 His actions do not support a finding of a *bona fide* effort. When Sodeman made a personal visit to the property, he was told by the occupants that Gatewood did not live there and they did not know her whereabouts. Although this information conflicted with the address he received from the treasurer's and assessor's offices, he did not contact any other public record keepers, such as the circuit clerk's office. Had he performed a search of the clerk's website, he would have found Gatewood's current address in the foreclosure files. He was aware there was no homestead exemption on the property. He did not call the phone number he obtained from an Internet search. He did not receive a return of service from the sheriff's department or check the file for one. The certified mail receipt from the clerk's mailing of the notice indicated the notice was delivered to Marissa Martin at the subject address and that Gatewood was unknown there.

¶ 18 Sodeman persisted in maintaining that he was entitled to the tax deed or to a finding of sale in error despite knowing that Gatewood was not an occupant at the subject property and was never properly served. He attested in his affidavit in support of his petition for a tax deed that abode service was secured but did not present any information to support his claim. He knew there was no homestead exemption on the property but surmised it was due to Gatewood's failure to claim it. Sodeman was aware she had not been served and, as the trial court observed, did not take any further steps to find Gatewood. Sodeman's actions do not demonstrate good faith or a real, genuine attempt to comply with the statutory notice requirements. The trial court found that although he made "some efforts," Sodeman failed to comply with the minimum requirements of the statute and did not demonstrate a *bona fide* attempt to comply. We find the trial court did not err in denying his petition for a sale in error.

¶ 19        For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

¶ 20        Affirmed.