*In re* APPLICATION OF THE COUNTY COLLECTOR, For Judgment and Order of Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Years 1995 and Prior Years (Petition of Mary H. Hancock, Petitioner-Appellee, v. Darco, Inc., Protestor-Appellant).

Fourth District   Nos. 4—00—0589, 4—00—0636 cons.

Opinion filed September 26, 2001.

Mark S. Atterberry, of Holley & Rosen, of Springfield, for appellant.

Matthew J. Maddox, of Wolter, Beeman & Lynch, of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

Protestor, DARCO, Inc. (DARCO), owns two properties in Sangamon County. Petitioner, Mary Hancock, purchased those properties at a tax sale. DARCO redeemed the properties under protest and now appeals the orders of the circuit court refusing to refund any of DARCO's redemption monies, even after sustaining DARCO's protests and denying Hancock's petitions for tax deeds. We allow Hancock's motion to consolidate the appeals.

Hancock's two May 1999 petitions for tax deeds alleged the following. At an annual tax sale on November 21, 1996, Hancock purchased 635 North Wesley in Springfield, Illinois, for $281.78 and 3000 South 11th Street in Springfield, Illinois, for $288.81. These properties had not been redeemed, and the redemption periods would expire on

August 25, 1999. All notices required by law had been or will have been given prior to the entry of orders directing the issuance of tax deeds.

In August 1999, DARCO filed two redemptions under protest, depositing with the county clerk $1,721.80 for 635 North Wesley and $1,800.98 for 3000 South 11th Street. DARCO protested on several grounds, including the following: Hancock failed to (1) serve a "Take Notice" within five months of the November 21, 1996, sale (see 35 ILCS 200/22—5 (West 1994)); (2) serve a "Take Notice" prior to three months before the August 21, 1999, expiration of the redemption period (see 35 ILCS 200/22—10 (West 1994)); and (3) publish a notice of filing of a petition for tax deed prior to three months before the August 21, 1999, expiration of the redemption period (see 35 ILCS 200/22—30 (West 1994)). DARCO attached to its protest a statement from the Copley Press, Inc., certifying that it published Hancock's notice on May 25, 26, and 27 in 1999. The record before us indicates that Margot Riseman, DARCO's president, was not personally served until June 28, 1999.

In summary, Hancock paid the county collector $281.78 and $288.81, the amounts she bid at the tax sale, for the two parcels. Hancock also paid taxes posted after the tax sale. DARCO paid the county clerk $1,721.80 and $1,800.98 to redeem the two parcels.

On November 2, 1999, the trial court made docket entries finding that the sales had been in error. See 35 ILCS 200/21—380 (West 1994) (if the court sustains the protest in whole or in part the court may declare the sale to be a sale in error). The court further found that both the publication and the actual service of the notices fell outside the statutory period. The trial court directed the county clerk to make the "appropriate" refunds. On November 5, 1999, DARCO and Hancock filed written arguments, with Hancock arguing that a finding of an erroneous sale would leave the taxes unpaid as DARCO and Hancock would each receive refunds.

On May 15, 2000, the trial court held a hearing and denied DARCO's motions for refunds of its redemption monies. On June 1, 2000, DARCO filed objections to Hancock's proposed orders. The trial court entered orders on June 2, 2000, denying Hancock's petitions for tax deeds and again denying DARCO's motions for refunds of its redemption monies. The trial court found that the tax sales were valid, DARCO's redemptions were valid, and Hancock failed to meet statutory requirements for issuance of a tax deed. The trial court directed the county clerk in each case to "distribute the [r]edemption [m]oney in the customary manner." By docket entries, the trial court noted that Hancock made a *bona fide* attempt to comply with statu-

tory procedures for issuance of a tax deed. The trial court refused to refund the redemption monies to DARCO because a refund of all the redemption monies would either leave the county with unpaid taxes or force Hancock to pay DARCO's taxes, depending on whether Hancock receives a refund as well. DARCO filed notices of appeal on June 27, 2000, from the June 2, 2000, orders.

■ It could be argued that we lack jurisdiction to consider this appeal because the notice of appeal was not filed within 30 days of the final order, which was arguably entered November 2, 1999. Nevertheless, the parties revested the trial court with jurisdiction by actively participating in further proceedings after November 2, 1999, without objecting to jurisdiction. See *In re Marriage of Lange*, 307 Ill. App. 3d 303, 309, 717 N.E.2d 507, 511 (1999).

DARCO argues that the trial court erred in not ordering any refund of its redemption monies after the trial court sustained its protests.

■ Section 21—380 of the Property Tax Code (Code) (35 ILCS 200/ 21—380 (West 1994)) states, in part:

> "Upon a finding sustaining the protest in whole or in part, the court may declare the sale to be a sale in error under [s]ection 21—310 or [s]ection 22—45, and shall direct the county clerk to return all or part of the redemption money or deposit to the party redeeming."

DARCO interprets section 21—380 to mandate the trial court to return the entire redemption if it sustains the protest in whole. Hancock interprets section 21—380 to allow a refund only if the trial court declares a sale in error, and there was no sale in error here as the court had found the tax sales to be valid, even though no tax deed would be issued. We reject both of these interpretations.

■ A brief explanation of the tax-sale procedure is useful in this case. At a county collector's annual tax sale, the purchaser is the person who offers to pay the amount due on each property for the least penalty percentage, which shall not exceed 18% of the tax or special assessment. 35 ILCS 200/21—215 (West 1994). From the date of the sale, statutory penalty interest accrues every six months at the rate bid by the purchaser at the sale. 35 ILCS 200/21—355(b) (West 1994). When the tax purchaser files a petition for a tax deed, the tax purchaser is attempting to take title to the property if the property is not redeemed. 35 ILCS 200/22—30 (West 1994). To redeem the property, a redeemer must deposit with the county clerk the back taxes owed plus an additional amount for statutory penalty interest. 35 ILCS 200/21—355(b), (c) (West 1994).

■ Once there has been a redemption under protest, however, the

character of the petition for tax deed changes, with the tax purchaser attempting to obtain the statutory penalty interest and the delinquent taxpayer attempting to ward off the purchaser and recover some of the funds it has deposited with the county clerk. *In re Application of the County Treasurer & ex officio Collector of Cook County*, 308 Ill. App. 3d 33, 41, 719 N.E.2d 143, 149 (1999). If the circuit court does not sustain the protest, the tax purchaser is entitled to the statutory penalty interest in addition to the amount it paid for the property (plus expenses and attorney fees). 35 ILCS 200/21—380 (West 1994).

On the other hand, if the delinquent taxpayer fails to redeem, the trial court may refuse to direct the county clerk to issue a tax deed because of the purchaser's failure to strictly comply with statutory requirements. 35 ILCS 200/22—40 (West 1994). In that case, the purchaser may file a petition to recover from the county collector if the purchaser has made a *bona fide* attempt to comply with the statutory requirements for the issuance of a tax deed. 35 ILCS 200/22—50 (West 1994). The purchaser would receive refunds of the purchase price and other taxes that were paid and were validly posted to the tax judgment, sale redemption, and forfeiture record after the tax sale (see 35 ILCS 200/21—310, 21—320, 22—50 (West 1994)) but no penalty interest or costs (*In re Application of the County Treasurer & ex officio Collector*, 305 Ill. App. 3d 995, 1000-01, 713 N.E.2d 703, 708 (1999)). In short, the purchaser receives a refund of all the amounts it has paid, but does not receive anything further.

■ Construing these statutes together, we hold that the plain language of section 21—380 of the Code allows a trial court, upon sustaining a protest in whole, some discretion to return either all *or* part of the redemption money to the protesting party. Here, however, the trial court erred because it refused to return any of DARCO's redemption monies after sustaining its protests. Section 21—380 mandates that the trial court "*shall* direct the county clerk to return *all or part* of the redemption money or deposit to the party redeeming." (Emphasis added.) 35 ILCS 200/21—380 (West 1994).

In this case, the trial court found that Hancock made a *bona fide* attempt at complying with statutory requirements for obtaining a tax deed. We reject DARCO's assertion that Hancock did not plead facts that she made a *bona fide* attempt to comply with the statutory notice requirements; Hancock did plead compliance with statutory requirements in her petitions for tax deeds.

We note that DARCO could have defended against Hancock's petitions for tax deeds without redeeming because Hancock's defective notices precluded the tax deeds from issuing. See 35 ILCS 200/22—40 (West 1994); *In re Application of County Collector for Judgment & Or-*

*der of Sale Against Lands & Lots Returned Delinquent for Non-Payment of General Taxes & Special Assessments for the Year 1983 & Prior Years*, 206 Ill. App. 3d 22, 28, 563 N.E.2d 1039, 1043 (1990) (the trial court has a duty to closely scrutinize the record to determine that there has been statutory compliance before ordering a tax deed to issue). Hancock should not receive any less after DARCO's redemption than she would receive if she were to obtain a refund pursuant to section 22—50 absent a redemption.

For the reasons stated, we exercise our authority under Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)) and reverse the trial court's disposition of the redemption monies, affirm the trial court's judgment in all other respects, and remand for the trial court to direct the county clerk to distribute to Hancock the amounts she paid at the tax sale and all other taxes Hancock paid that were posted after the tax sale, on the condition that Hancock elects to accept this amount as a complete satisfaction of her claim, in lieu of any other rights to refund she might have. The trial court shall direct the county clerk to distribute the balance of the redemption monies to DARCO.

Affirmed in part and reversed in part; cause remanded with directions.

MYERSCOUGH and KNECHT, JJ., concur.