# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*In re Application of the County Treasurer*, 2012 IL App (1st) 101976

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY TREASURER AND *ex Officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Order of Judgment and Sale Against Real Estate Returned Delinquent for the Nonpayment of General taxes for the Year 2004 (CCPI, LLC, Petitioner-Appellee, v. MB Financial Bank, Respondent-Appellant). |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-1976 |
| Filed | February 17, 2012 |
| Rehearing denied | April 5, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the issuance of a tax deed to property owned by respondent, the trial court's order dismissing respondent's motion to void the deed was reversed, since the tax deed was not recorded within the time allowed by the statute due to an invalid attempt by the assignor of the tax lien to extend the redemption period; therefore, the tax deed was void with no right to reimbursement pursuant to section 22-85 of the Property Tax Code and the trial court's dismissal of respondent's motion to void the deed was reversed and the cause was remanded with directions to set the deed aside. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-COTD-1637; the Hon. Robert W. Bertucci, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

Carter & Reiter, Ltd., of Chicago (Terry Carter, Gregory Reiter, and Lynnette Lockwitz, of counsel), for appellant.

Salyer Law Offices, LLC, of Chicago (Mindy S. Salyer, Amanda L. Moressi, and Brittney B. White, of counsel), for appellee.

Panel

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.

Presiding Justice R. Gordon and Justice Garcia concurred in the judgment and opinion.

## OPINION

¶ 1 After the trial court issued an order directing the issuance of a tax deed to petitioner CCPI, respondent MB Financial Bank filed a motion to: (count I) declare the tax deed void, pursuant to section 22-85 of the Property Tax Code (35 ILCS 200/22-85 (West 2008)); and (count II) vacate the order directing the issuance of the tax deed, pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2008)).

¶ 2 Thereafter, petitioner filed a motion to dismiss counts I and II of respondent's motion, pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2010)). The trial court granted petitioner's motion to dismiss. Respondent appealed.

¶ 3 On appeal, respondent challenges the trial court's dismissal of respondent's motion to void the tax deed. Respondent contends petitioner failed to timely record the tax deed as required by statute because the filing of the first notice to extend the redemption period was a nullity and, thus, did not toll the deadline to record the tax deed. According to respondent, the first notice to extend was not valid because it was filed by the assignor after the tax lien had already been assigned to another party. Respondent contends that the assignor's lack of a statutory right to file the first notice to extend rendered that filing a nullity. Respondent concludes that petitioner's tax deed was not recorded within the required statutory time period and, thus, is void.

¶ 4 Respondent also challenges the trial court's dismissal of respondent's section 2-1401 petition to vacate the order directing the issuance of the tax deed. Specifically, respondent contends it sufficiently pled a cause of action that the tax deed was procured by fraud. According to respondent, the fact that the assignor had filed the first extension notice was concealed from the trial court when the assignee applied for the tax deed and when the tax deed hearing was held.

¶ 5 We hold that petitioner's tax deed is void with no right to reimbursement because it was not recorded within the time allowed by statute due to the invalid attempt by the assignor of

the tax lien to extend the redemption period. Accordingly, we reverse the trial court's dismissal of respondent's motion to void the tax deed and remand this cause with directions.

¶ 6                                                          I. BACKGROUND

¶ 7         In 2004, respondent bought the property at issue in this dispute. Sometime thereafter respondent constructed a new commercial building on the property and used it as one of its bank branches.

¶ 8         In June 2006, the property was sold to GJ Venture, LLC (GJ), for $347.84, the amount of the second installment of the 2004 general real estate taxes, at the Cook County annual tax sale. On the tax sale date, the property was a vacant lot. The original redemption expiration date from the tax sale date was June 12, 2008.

¶ 9         On July 11, 2006, GJ assigned the certificate of purchase and all its right, title and interest in the property to the Sabre Group, LLC (Sabre). On July 14, 2006, the county clerk issued a certificate of purchase to GJ.

¶ 10        On October 10, 2006, GJ delivered a take notice to the county clerk for mailing to the last assessed taxpayer. The notice advised that party that the property was sold for delinquent taxes, the period of redemption from the sale would expire on June 12, 2008, and a petition for a tax deed to transfer title would be filed.

¶ 11        On April 10, 2008, GJ filed a notice to extend the period of redemption to July 25, 2008. That notice, which was in the form of an affidavit, provided that affiant GJ, "being first duly sworn, deposes and says that: [it] is the attorney for the owner and holder" of the certificate of sale, who was extending the redemption period. On July 1, 2008, attorney Heather Ottenfeld averred that she was the attorney for the owner and holder of the certificate of sale, who was extending the redemption period to November 26, 2008. Sabre's name did not appear on either the April or July notice. Also on July 1, 2008, Sabre filed a petition for the issuance of a tax deed, which alleged that the property had not been redeemed from the tax sale and the period of extension would expire on November 26, 2008.

¶ 12        On July 18, 2008, respondent was served by the county sheriff with statutory notice of the tax sale and final redemption date at the property's location. On July 22, 2008, respondent was personally served statutory notice by the sheriff at respondent's downtown Chicago location.

¶ 13        On October 6, 2008, the county clerk sent respondent an estimate of redemption. The estimate stated that: the property was sold to GJ for 2004 general taxes on June 12, 2006; the redemption date was extended to November 26, 2008, and a grand total of $5,007.31 was owed in taxes. The estimate stated, "Note: the grand total is subject to increase." Furthermore, a notation in the bottom, right corner of the form stated:

    "Sale penalties increase every 6 months from the date of sale. Additional penalty of 0% amounting to $0 added after 12-12-08."

¶ 14      Respondent issued a check, dated December 3, 2008, for $5,007.31 payable to the county clerk to redeem the taxes. However, on December 9, 2008, the county clerk returned respondent's check with a letter explaining that the county clerk was "unable to accept [respondent's] redemption payment because the last day to redeem has passed."

¶ 15      On January 2, 2009, Sabre filed its application for an order directing the clerk to issue a tax deed. The application identified GJ as the purchaser and Sabre as the assignee, and stated that the original redemption period expired on June 12, 2008 but was extended and, thus, expired on November 26, 2008.

¶ 16      On January 29, 2009, the tax deed hearing was held in this matter. Attorney Ottenfeld appeared on behalf of Sabre as the tax deed petitioner. Respondent was not present at the hearing. Counsel for Sabre informed the court that the certificate of purchase issued to GJ had been assigned to Sabre, which was the current holder of all rights, title and interest in the certificate. Counsel stated that two notices to extend the redemption period were filed in this matter; one in April and another in July of 2008. Counsel, however, was missing one extension notice and was unable to locate it in her file. Accordingly, counsel asked for, and received, leave of court to submit either the original extensions or a certified copy of the judgment book showing that timely extensions were made. Then, counsel presented the testimony of Brian McMorris, an inspector. He testified that he had inspected the property, which was a bank branch, on January 26, 2008. He spoke to Ms. Waters at the bank and told her the nature of his visit. She responded that the proper party would have to be notified in writing. McMorris inspected the property again on August 1, 2008, but had no contact with anyone there that day.

¶ 17      On February 4, 2009, Sabre assigned the certificate of purchase to petitioner CCPI. On February 11, 2009, the trial court entered orders substituting CCPI as the tax deed petitioner and directing the clerk to issue a tax deed to petitioner. Petitioner CCPI recorded its tax deed on November 4, 2009.

¶ 18      In December 2009, respondent filed a three-count motion to declare the tax deed void, pursuant to section 22-85 of the Property Tax Code, and vacate the February 2009 order directing the issuance of the tax deed, pursuant to section 2-1401 of the Code. In count I of the motion, respondent alleged that the tax deed was void because petitioner failed to record it within one year from June 12, 2008, the original redemption period expiration date. Respondent argued the deed had to be recorded by June 12, 2009, because GJ's attempt to extend the redemption period was invalid where it had previously assigned away any rights to the property.

¶ 19      In count II of the motion, respondent alleged that the tax deed was procured by fraud and asked the court, under section 2-1401 of the Code, to vacate the order issuing the deed. Specifically, respondent alleged that Sabre failed to inform the trial court that GJ had filed the first notice of extension rather than Sabre, counsel failed to produce that first notice to the trial court, and the take notice was invalid because it was filed by GJ after it had assigned away any interest in the property to Sabre. Respondent also asserted a claim for equitable redemption, which alleged that respondent reasonably relied on incorrect and erroneous

information from the county clerk regarding the redemption date.

¶ 20    Count III of the motion pled, in the alternative, that if respondent was not successful in having the tax deed order voided or vacated, the court should award respondent an amount equal to the fair market value of the subject property from the indemnity fund created by the Property Tax Code because respondent lost its property through no fault of its own.

¶ 21    Respondent attached to its motion the December 4, 2009 affidavit of respondent's comptroller, Donna Adam. She averred that she was employed by respondent and its predecessors for 16 years. She received the take notice in July 2008. She had never seen such a document before and asked Kathleen Price, an in-office accounting officer, to investigate the circumstances of the notice. In September 2008, Adam authorized respondent's $10 check payment to the county clerk for the purpose of obtaining an estimate of redemption. On or about November 21, 2008, Adam authorized respondent's $5,007.31 check payment to the county clerk to redeem the subject property from the tax sale. At the end of August 2009, Adam learned that the property was not redeemed.

¶ 22    Respondent also attached to its motion the December 7, 2009 affidavit of accounting officer Kathleen Price. She averred that she was employed by respondent and its predecessors for 30 years. After she was presented with the take notice in July 2008, she telephoned the county clerk's office and received information on how to obtain an estimate of redemption. She received the estimate on October 28, 2008 and had never seen such a document before. She reviewed the estimate and thought the redemption amount was $5,007.31 with a final date of December 12, 2008 to pay the taxes before additional monies were due. Price stated that respondent's initial check for the payment, which was authorized on or about November 21, 2008, was voided because it was payable to the county clerk but listed an address for the county notary department. When Price received a new correctly addressed check, she mailed it the county clerk, believing that the final date to pay was December 12, 2008. However, in December 2008, she received a letter from the county clerk returning respondent's check and stating that the redemption date had passed. She placed that letter aside, believing she could reorder an estimate of redemption to pay the taxes at a later date and respondent would simply owe additional monies. She did not inform any other person at the bank of the county clerk's letter. In August 2009, she noticed the county clerk's letter and informed respondent's vice president and assistant corporate counsel of the matter.

¶ 23    In February 2010, the Cook County treasurer filed a motion to stay count III of respondent's motion, pending determination of counts I and II of said motion by the court. The trial court granted the Cook County treasurer's motion.

¶ 24    Thereafter, petitioner filed a motion to strike and dismiss counts I and II of respondent's motion. Petitioner argued that respondent's motion should be dismissed pursuant to section 2-615 because, *inter alia*, the pleadings were defective where they constituted an impermissible collateral attack on the tax deed, were factually inconsistent, failed to sufficiently plead a claim of fraud, and established that respondent failed to exercise the due diligence required for section 2-1401 relief. In the alternative, petitioner alleged that dismissal was proper under section 2-619 because the affidavit submitted by petitioner

eliminated any issue contained in respondent's motion to void.

¶ 25    In support of its motion, petitioner submitted the affidavit of Kevin Sierzega. He averred that he was an employee of S.I. Securities Management, Inc., which was responsible for servicing the tax sale certificates owned by GJ, Sabre, and petitioner CCPI. He was authorized to prepare and file notices of extension of redemption periods and take notices on behalf of GJ, Sabre, and petitioner CCPI. He averred that the October 10, 2006 take notice, and both the April and July 2008 notices to extend the redemption period, were prepared at his direction and with the full knowledge and authority of both GJ, as the purchaser of the certificate of purchase, and Sabre, as the assignee thereof.

¶ 26    Following a hearing, the trial court granted petitioner's motion to dismiss counts I and II of respondent's motion to void the tax deed and vacate the order directing the issuance of the tax deed. The trial court found that the extension notices were valid and there was no fraud under the circumstances. Respondent appealed.

¶ 27                                    II. ANALYSIS

¶ 28    Section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2010)) allows a movant to combine a section 2-615 motion to dismiss, which challenges the legal sufficiency of the nonmovant's pleadings, with a section 2-619 motion to dismiss, which admits the legal sufficiency of the nonmovant's pleadings but asserts certain defects or defenses. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009); *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003). Under either section 2-615 or 2-619 of the Code, our standard of review is *de novo*. *Kean*, 235 Ill. 2d at 361.

¶ 29    Respondent argues the trial court erred in dismissing respondent's motion pursuant to sections 2-615 and 2-619 of the Code. Respondent contends the dismissal was error because the facts as pled supported respondent's claim that the tax deed either was void or was subject to vacatur pursuant to section 2-1401 of the Code. Specifically, respondent argues the tax deed was recorded untimely and, thus, was void because GJ's assignment of the tax sale lien to Sabre rendered the extension notice filed by GJ a nullity. Additionally, respondent argues the grounds alleged in support of its section 2-1401 petition to vacate are legally sufficient as a matter of law.

¶ 30    Petitioner claims respondent fails to state a permissible cause of action to void the tax deed because respondent, in a collateral proceeding, is using section 21-385 of the Property Tax Code (35 ILCS 200/21-385 (West 2008)), concerning the extension of the redemption period by either the purchaser or his assignee of the tax sale lien, to directly attack the order directing the issuance of the tax deed. According to petitioner, respondent forfeited its right to any direct attack on the tax deed proceeding and order for tax deed when respondent failed to respond to the notice of the tax sale it received in July 2008. See 35 ILCS 200/22-45 (West 2008) (once a tax deed has been issued under the Property Tax Code pursuant to a court order, it is incontestable except by direct appeal from the order directing the entry of that tax deed or by a section 2-1401 petition).

¶ 31    Petitioner's direct attack/collateral proceeding argument lacks merit. Count I of respondent's motion sought to void the tax deed pursuant to section 22-85 of the Property Tax Code, which provides, *inter alia*, that if the holder of the certificate purchased at any tax sale fails to record the deed within one year from and after the time for redemption expires, then the deed and the sale upon which it was based shall be absolutely void with no right to reimbursement. 35 ILCS 200/22-85 (West 2008). Courts have a duty to vacate and expunge void orders from court records. *In re Application of the County Treasurer & ex officio County Collector of Cook County*, 333 Ill. App. 3d 355, 359 (2002). Moreover, a void judgment may be attacked at any time, either directly or collaterally. *In re Application of the County Collector*, 397 Ill. App. 3d 535, 542 (2009) (hereinafter, *Devon Bank*). Section 2-1401, which essentially codified the common law means of collaterally attacking judgments, provides that "Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2008); see also *Devon Bank*, 397 Ill. App. 3d at 543. A section 2-1401(f) petition alleging voidness is exempt from the general requirements of section 2-1401 petitions, such as alleging a meritorious defense and due diligence. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002); *Devon Bank*, 397 Ill. App. 3d at 543.

¶ 32    Turning to the merits of this appeal, respondent argues that the deed issued to petitioner is void under the relevant provisions of the Property Tax Code. Specifically, respondent asserts that the tax deed is void because it was not recorded within one year from the original June 12, 2008 redemption period expiration date. Although certificate purchaser GJ had attempted to extend the date to July 25, 2008, that filing–according to respondent–was a nullity because GJ lacked any statutory authority to file an extension where it had already assigned its right, interest and title in the certificate to Sabre. Respondent argues Sabre's July 2008 attempt to extend the expiration date to November 26, 2008 was also a nullity because the redemption period had already expired. Respondent asserts the original redemption expiration date of June 12, 2008 remained effective and petitioner failed to record the tax deed within one year of that date, as required by section 22-85 of the Property Tax Code.

¶ 33    "[T]he primary purpose of the tax sales provisions of the Property Tax Code is to coerce tax delinquent property owners to pay their taxes, not to assist tax petitioners in depriving the true owners of their property." *In re Application of the County Collector*, 295 Ill. App. 3d 703, 710 (1998). The key issue for respondent is whether GJ's extension notice was valid under section 21-385 of the Property Tax Code. Section 21-385 provides, in pertinent part:

   "[The] purchaser or his or her assignee of property sold for nonpayment of general taxes *** may extend the period of redemption at any time before the expiration of the original period of redemption, or thereafter prior to the expiration of any extended period of redemption, for a period which will expire not later than 3 years from the date of sale, by filing with the county clerk *** a written notice to that effect describing the property, stating the date of the sale and specifying the extended period of redemption. *** If the period of redemption is extended, the purchaser or his or her assignee must give the notices provided for in Section 22-10 at the specified times prior to the expiration of the extended period of redemption by causing a sheriff *** to serve the notices as provided

in Section 22-15 and 22-20." 35 ILCS 200/21-385 (West 2008).

¶ 34    Respondent argues a purchaser cannot extend the redemption period after it has unconditionally assigned away all of its rights to the tax lien. Respondent asserts that when the relevant provisions of the Property Tax Code are construed together, the context renders plain the meaning of the phrase "purchaser or his or her assignee" in section 21-385. Specifically, respondent contends the legislature clearly intended that only the owner and holder of the certificate of purchase has the right to extend the redemption period under section 21-385; prior owners and holders cannot extend the redemption period because their statutory rights have been transferred to a new owner and holder.

¶ 35    Petitioner responds that section 21-385 expressly states that a "purchaser" or "assignee" may file the extension notice.

¶ 36    The primary objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). The legislature's intent in enacting a statute is best determined by the plain and ordinary meaning of the statutory language. *Id*. "In determining the plain meaning of the statute, we consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it." *Solon*, 236 Ill. 2d at 440.

¶ 37    When the language of the statute is clear and unambiguous, the court must give it effect without resorting to other aids of construction. *Id*. The statute is deemed ambiguous if it is capable of being understood by reasonably well-informed persons in two or more different ways. *Id*. Courts should construe statutes so as to yield logical and meaningful results and to avoid constructions that render specific language superfluous or meaningless. *Rochelle Disposal Service, Inc. v. Pollution Control Board*, 266 Ill. App. 3d 192, 198 (1994). Courts do not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *Solon*, 236 Ill. 2d at 441. Courts may also consider the consequences that would result from construing the statute one way or the other. *Id*.

¶ 38    Statutes should be interpreted as a whole, meaning different sections of the same statute should be considered in reference to one another so that they are given harmonious effect. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000). One section of a statute should not be interpreted in a way that renders another section of the same statute irrelevant. *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees*, 218 Ill. 2d 175, 185-86 (2006).

¶ 39    Section 21-350 of the Property Tax Code addresses the period of redemption for property sold under the Property Tax Code. 35 ILCS 200/21-350 (West 2008). Generally, the period of redemption is two years from the date of sale, but if certain exceptions apply, then the redemption period may be either lengthened or shortened. One such exception, located in section 21-350(c) provides in pertinent part:

    "§ 21-350. Period of Redemption. Property sold under this Code may be redeemed at any time before the expiration of 2 years from the date of sale, except that:

(c) if the period of redemption has been extended *by the certificate holder as provided in Section 21-385*, the property may be redeemed on or before the extended redemption date." (Emphasis added.) 35 ILCS 200/21-350 (West 2008).

This cross-reference to section 21-385, which provides that the "purchaser or his or her assignee of property sold for nonpayment of general taxes" may extend the redemption period by filing a written notice with the county clerk, is dispositive of the issue at hand. We must construe section 21-385 harmoniously with section 21-350(c). The legislature's use of the term "certificate holder" in section 21-350(c) establishes the clear legislative intent that the purchaser or assignee referenced in section 21-385 must also be the certificate holder. See *Collinsville*, 218 Ill. 2d at 185-86 (The doctrine of *in pari materia* "is also applicable to different sections of the same statute and is consonant with one of our fundamental rules of statutory construction–'to view all of the provisions of a statute as a whole.' [Citation.]").

¶ 40    Further support for this construction is found in section 21-260(e) of the Property Tax Code, concerning the procedures to obtain a tax deed for scavenger sales. Specifically, section 21-260(e) provides in pertinent part:

"(e) Proceeding to tax deed. *The owner of the certificate of purchase* shall give notice as required by Sections 22-5 through 22-30, and *may extend the period of redemption as provided by Section 21-385*." (Emphasis added.) 35 ILCS 200/21-260(e) (West 2008).

Section 21-260(e)'s cross-reference to section 21-385 further establishes the legislature's clear intent that the purchaser or assignee referenced in section 21-385 must also be the owner/holder of the certificate of purchase.

¶ 41    Here, GJ was not the certificate holder when it filed the extension notice pursuant to section 21-385. Specifically, GJ had assigned away its rights to the tax lien almost two years before it filed the extension notice. See 35 ILCS 200/21-250 (West 2008) ("An assignment shall vest in the assignee *** all the right and title of the original purchaser."). Consequently, the extension filed by GJ was a nullity, and the original redemption expiration date of June 12, 2008 remained in effect. This meant that petitioner had to record the tax deed by June 12, 2009. Petitioner, however, recorded the tax deed on November 4, 2009, which was untimely and, thus, absolutely void pursuant to section 22-85. The trial court, therefore, erred when it dismissed respondent's motion to void the tax deed.

¶ 42    Petitioner asserts that the section 2-619(a)(9) affidavit by Kevin Sierzega eliminates any issue as to whether or not the extension notice was valid because Sierzega prepared and filed that notice with the full knowledge and authority of GJ and Sabre. We do not agree. Sierzega's affidavit was not an affirmative matter that defeated respondent's motion to void. That affidavit merely indicated that a third-party go-between filed extension notices and take notices on behalf of GJ, Sabre, and petitioner. The affidavit in no way refuted the fact that neither GJ nor its authorized agent could file the necessary extension notice because GJ had assigned away that and all other rights almost two years prior. Sierzega's affidavit and the April 2008 extension notice indicate that Sierzega was acting on behalf of GJ when the April

2008 notice was filed. Moreover, petitioner has neither argued nor shown that GJ had any authority to act as Sabre's agent when GJ filed the April 2008 notice. In addition, petitioner has not addressed, either on appeal or below, the validity of GJ's April 2008 notice, which was in the form of an affidavit but was not signed by any officer or agent of GJ.

¶ 43    As a result of our construction of the relevant provisions of the Property Tax Code and our conclusion that petitioner's tax deed is void, we need not address respondent's alternate argument that it sufficiently pled a cause of action alleging the tax deed was procured by fraud.

¶ 44                                    III. CONCLUSION

¶ 45    Pursuant to section 22-85 of the Property Tax Code, the tax deed at issue here and the sale on which it was based are void with no right to reimbursement. Accordingly, we reverse the trial court's judgment that dismissed respondent's motion to void. We remand this cause with directions for the trial court to set aside the tax deed under section 2-1401(f) of the Code and section 22-85 of the Property Tax Code.

¶ 46    Reversed and remanded with directions.