# Illinois Official Reports

## Appellate Court

---

### *In re Application of the County Treasurer & ex officio County Collector*,
### 2014 IL App (2d) 130995

---

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR, for Judgment and Order of Sale Against Real Estate Returned Delinquent for Nonpayment of General Taxes and/or Special Assessments for the Year 2008 and/or Prior Years (John Zajicek, d/b/a Z Financial, Petitioner-Appellee, v. Lloyd Giordano, Respondent-Appellant). |
| District & No. | Second District<br>Docket No. 2-13-0995 |
| Filed<br>Rehearing denied | June 30, 2014<br>October 3, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings on a petition for a tax deed where respondent redeemed his tax delinquent property under protest based on the argument that petitioner failed to comply with the Property Tax Code, the trial court erred in striking respondent's protest, since petitioner failed to properly notify respondent of an extension of the redemption period, and in view of petitioner's right to seek a refund of the purchase price and other taxes paid and posted to the tax judgment by showing a *bona fide* attempt to comply with the statutory requirements to obtain a tax deed, the cause was remanded to allow the trial court to rule on that issue and make an appropriate award of the redemption money to petitioner or respondent. |
| Decision Under Review | Appeal from the Circuit Court of Boone County, No. 12-TX-7; the Hon. Brendan A. Maher, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

Nathan J. Noble, of Belvidere, for appellant.

Thaddeus M. Bond, Jr., of Law Offices of Thaddeus M. Bond Jr. &
Associates, of Waukegan, for appellee.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with
opinion.
Presiding Justice Burke and Justice Birkett concurred in the judgment
and opinion.


## OPINION

¶ 1    On April 5, 2012, the petitioner, John Zajicek, d/b/a Z Financial, filed a petition for a tax deed as to property owned by the respondent, Lloyd Giordano. On October 2, 2012, the respondent redeemed his property under protest, arguing that the funds he paid should be returned to him because the petitioner had not complied with the requisite provisions of the Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2012)). After the trial court struck the respondent's protest, the respondent filed a timely notice of appeal. For the reasons that follow, we reverse and remand for additional proceedings.

¶ 2                                    BACKGROUND

¶ 3    The respondent owns property in Boone County. He failed to pay his 2008 real estate taxes on that property in a timely fashion. On November 6, 2009, Z Financial, LLC, purchased the unpaid taxes and received a tax certificate.

¶ 4    On February 3, 2010, Z Financial (an entity distinct from Z Financial, LLC) provided notice to the respondent that the period for redemption was extended to June 4, 2012.

¶ 5    On April 5, 2012, Z Financial provided notice to the respondent that the period for redemption was extended to October 4, 2012. On that same day, Zajicek, as managing member of Z Financial, LLC, filed a document indicating that it was assigning all of its rights in the tax certificate to the petitioner. Also on that day, the petitioner filed a petition for a tax deed.

¶ 6    On October 2, 2012, the respondent redeemed his property by paying the unpaid taxes, plus fees and interest. The respondent also filed a document indicating that he was redeeming his property under protest pursuant to section 21-380 of the Property Tax Code (35 ILCS 200/21-380 (West 2012)). The respondent argued that, because the petitioner had not complied with all of the requisite provisions of the Property Tax Code in attempting to obtain a tax deed, the respondent was entitled to all of the funds he had paid to redeem his property.

¶ 7    On February 25, 2013, the trial court struck the respondent's protest. The trial court further dismissed the petition for a tax deed in light of the redemption and ordered the Boone County clerk to remit all posted funds to the petitioner upon surrender of the tax certificate.

Following the denial of his motion to reconsider, the respondent filed a timely notice of appeal.

¶ 8                                                ANALYSIS

¶ 9       The respondent raises four contentions on appeal. However, as the respondent's second contention is dispositive, we address only that issue. In that contention, the respondent argues that the trial court should have sustained his protest because the petitioner failed to comply with the requisite notice provisions of the Property Tax Code and thus could not have obtained a tax deed. Specifically, the respondent argues that any tax deed had to be recorded by November 6, 2012, unless the respondent was given notice that the redemption period had been extended. Although Z Financial provided such notice on February 3, 2010, that notice was not valid, because Z Financial did not have any rights in the tax certificate when it gave such notice. Because the petitioner failed to comply with the requisite notice provisions of the Property Tax Code, the respondent insists, the trial court should have ordered that all of the funds that he deposited with the Boone County clerk be returned to him.

¶ 10      The respondent's argument requires us to construe the following provisions of the Property Tax Code. Section 21-380 of the Property Tax Code pertains to the redemption of delinquent real estate taxes under protest. That section provides in pertinent part:

> "Redemption under protest. Any person redeeming under this Section at a time subsequent to the filing of a petition under Section 22-30 or 21-445 [(35 ILCS 200/22-30, 21-445 (West 2012))], who desires to preserve his or her right to defend against the petition for a tax deed, shall accompany the deposit for redemption with a writing [setting forth the objections.]
>
> ***
>
> *** The specified grounds for the objections shall be limited to those defenses as would provide sufficient basis to deny entry of an order for issuance of a tax deed. ***
>
> ***
>
> The county clerk shall enter the redemption as provided in Section 21-230 [(35 ILCS 200/21-230 (West 2012))] and shall note the redemption under protest. The redemption money so deposited shall not be distributed to the holder of the certificate of purchase but shall be retained by the county clerk pending disposition of the petition filed under Section 22-30.
>
> ***
>
> When the party redeeming appears and presents a defense, the court shall hear and determine the matter. If the defense is not sustained, the court shall order the protest stricken and direct the county clerk to distribute the redemption money upon surrender of the certificate of purchase and shall order the party redeeming to pay the petitioner reasonable expenses, actually incurred, including the cost of withheld redemption money, together with a reasonable attorneys fee. Upon a finding sustaining the protest in whole or in part, the court may declare the sale to be a sale in error under Section 21-310 or Section 22-45 [(35 ILCS 200/21-310, 22-45 (West 2012))], and shall direct the county clerk to return all or part of the redemption money or deposit to the party redeeming." 35 ILCS 200/21-380 (West 2012).

Section 22-40 requires strict compliance with the notice provisions of the Property Tax Code before a deed is issued. That section states:

> "If the redemption period expires and the property has not been redeemed and all taxes and special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given and all advancements of public funds under the police power made by a city, village or town under Section 22-35 have been paid and the petitioner has complied with all the provisions of law entitling him or her to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed. The court shall insist on strict compliance with Section 22-10 through 22-25." 35 ILCS 200/22-40 (West 2012).

Section 22-10 provides:

> "Notice of expiration of period of redemption. A purchaser or assignee shall not be entitled to a tax deed to the property sold unless, not less than 3 months nor more than 6 months prior to the expiration of the period of redemption, he or she gives notice of the sale and the date of expiration of the period of redemption to the owners, occupants, and parties interested in the property, including any mortgagee of record ***." 35 ILCS 200/22-10 (West 2012).

Section 22-85 provides a basis to deny a tax deed. That section provides in pertinent part:

> "Failure to timely take out and record deed; deed is void. Unless the holder of the certificate purchased at any tax sale under this Code takes out the deed in the time provided by law, and records the same within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, after the expiration of the one year period, be absolutely void with no right to reimbursement." 35 ILCS 200/22-85 (West 2012).

¶ 11      In interpreting a statute, the primary objective is to ascertain and give effect to the intent of the legislature. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). The legislature's intent in enacting a statute is best determined by the plain and ordinary meaning of the statutory language. *Id.* "In determining the plain meaning of the statute, we consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it." *Id.*

¶ 12      When the language of the statute is clear and unambiguous, the court must give it effect without resorting to other aids of construction. *Id.* The statute is deemed ambiguous if it is capable of being understood by reasonably well-informed persons in two or more different ways. *Id.* Courts should construe statutes so as to yield logical and meaningful results and to avoid constructions that render specific language superfluous or meaningless. *In re Application of the County Treasurer*, 2012 IL App (1st) 101976, ¶ 37 (*CCPI*). Courts do not depart from plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *Solon*, 236 Ill. 2d at 441. Courts may also consider the consequences that would result from construing the statute one way or the other. *Id.*

¶ 13 A statute should be interpreted as a whole, meaning that different sections of the same statute should be considered in reference to one another so that they are given harmonious effect. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000). One section of a statute should not be interpreted in a way that renders another section of the same statute irrelevant. *CCPI*, 2012 IL App (1st) 101976, ¶ 38.

¶ 14 Section 21-380 of the Property Tax Code provides that a redemption under protest may be sustained only on those grounds that would provide a basis to deny the issuance of a tax deed. 35 ILCS 200/21-380 (West 2012). Section 21-350 of the Property Tax Code provides that the period of redemption is two years from the date of sale, unless that period is extended. 35 ILCS 200/21-350 (West 2012). Section 21-385 of the Property Tax Code sets forth that the purchaser or his assignee may extend the redemption period for one additional year if he provides notice to the property owner that the redemption period has been extended. 35 ILCS 200/21-385 (West 2012). Section 22-85 of the Property Tax Code provides that, if a tax deed is not recorded within one year of when the redemption period ends, the tax certificate holder loses his right to obtain a tax deed. 35 ILCS 200/22-85 (West 2012). Section 22-40 of the Property Tax Code provides that a court must insist on strict compliance with section 22-10 of the Property Tax Code before it issues a tax deed. 35 ILCS 200/22-40 (West 2012). Section 22-10 of the Property Tax Code provides that the purchaser or his assignee shall not be entitled to a tax deed unless he gives the owner three to six months' notice of the expiration of the redemption period. 35 ILCS 200/22-10 (West 2012).

¶ 15 Here, Z Financial, LLC, purchased the unpaid taxes and received a tax certificate on November 6, 2009. The redemption period therefore expired on November 6, 2011, unless the period was extended. 35 ILCS 200/21-350 (West 2012). Z Financial, LLC, did not extend the redemption period. The petitioner therefore would be entitled to a tax deed only if he strictly complied with section 22-10 of the Property Tax Code and gave the respondent three to six months' notice that the redemption period was ending on November 6, 2011. 35 ILCS 200/22-40 (West 2012). Because the petitioner did not strictly comply with section 22-10 of the Property Tax Code, the petitioner was not entitled to a tax deed. That was a proper basis to sustain the respondent's protest. 35 ILCS 200/21-380 (West 2012). The trial court therefore erred in not sustaining the protest.

¶ 16 In so ruling, we reject the petitioner's argument that the notice that Z Financial provided to the respondent was sufficient to extend the redemption period. We note that a similar argument was rejected by the Appellate Court, First District, in *CCPI*, 2012 IL App (1st) 101976. In that case, in June 2006, GJ Venture, LLC (GJ), bought property at a tax sale. The original redemption expiration date was June 12, 2008. *Id.* ¶ 8. On July 11, 2006, GJ assigned the certificate of purchase and all of its right, title, and interest in the property to Sabre Group, LLC (Sabre). *Id.* ¶ 9. On April 10, 2008, GJ filed a notice to extend the period of redemption to July 25, 2008. *Id.* ¶ 11. On February 4, 2009, Sabre assigned the certificate of purchase to CCPI. *Id.* ¶ 17. On February 11, 2009, the trial court entered orders substituting CCPI as the tax deed petitioner and directing the clerk to issue a tax deed to CCPI. CCPI recorded its tax deed on November 4, 2009. *Id.*

¶ 17 In December 2009, the property owner filed a motion to declare the tax deed void pursuant to section 22-85 of the Property Tax Code. *Id.* ¶ 18. The property owner alleged that the tax deed was void because CCPI failed to record it within one year from June 12, 2008, the original redemption expiration date. The property owner argued that the deed had to be

recorded by June 12, 2009, because GJ's attempt to extend the redemption period was invalid where it had previously assigned away any rights to the property. *Id.*

¶ 18    The trial court denied the property owner's motion to dismiss, but the reviewing court reversed. *Id.* ¶¶ 26, 45. The reviewing court explained that only the certificate holder could extend the redemption period. *Id.* ¶ 39. Because GJ had already assigned away its rights in the tax certificate to Sabre, GJ had no right to extend the redemption period. *Id.* ¶ 41 (" 'An assignment shall vest in the assignee *** all the right and title of the original purchaser.' " (quoting 35 ILCS 200/21-250 (West 2008))). Consequently, the extension filed by GJ was a nullity, and the June 12, 2008, expiration date remained in effect. *Id.* Because no tax deed was recorded by June 12, 2009, the tax deed that was ultimately recorded was untimely and therefore void. *Id.*

¶ 19    Here, on February 3, 2010, Z Financial purportedly extended the redemption period until June 4, 2012. However, Z Financial did not have any interest in the property until Z Financial, LLC, assigned it its rights on April 5, 2010. Thus, the extension that Z Financial filed on February 3, 2010, was a nullity and did not extend the redemption period.

¶ 20    We next consider whether the petitioner is entitled to the return of any of the money spent for the tax certificate. In arguing that the petitioner is not, the respondent points to section 22-85 of the Property Tax Code, which provides that, if a tax purchaser does not timely record a deed within one year of the end of the redemption period, then the tax certificate becomes void and the tax purchaser is not entitled to any reimbursement for the money he spent acquiring the tax certificate. 35 ILCS 200/22-85 (West 2012). Section 22-85 of the Property Tax Code does not apply here, because the respondent redeemed his property under protest before the time period set forth in that statute had expired.[1]

---

[1]We note a possible inconsistency between sections 21-350 and 21-380 of the Property Tax Code. Section 21-350 of the Property Tax Code provides that a property owner has two years from the date of the sale to redeem his property, unless the redemption period is properly extended (which in this case it was not). 35 ILCS 200/21-350 (West 2012). Section 21-380 provides that a redemption under protest must be filed after a petition for a tax deed has been filed. 35 ILCS 200/21-380 (West 2012). Section 21-380 does not specify the last date that a redemption under protest may be filed, only that it must occur before the hearing on the petition for a tax deed. *Id*. Thus, section 21-380 seemingly allows a redemption under protest to be filed even after section 21-350's period for a redemption has expired.

We need not resolve this possible inconsistency, however, because it would not impact our ultimate resolution of the case. Under section 21-380 of the Property Tax Code, the respondent's redemption under protest was timely filed**.** See *A.P. Properties, Inc. v. Goshinsky*, 186 Ill. 2d 524, 533 (1999) (the provisions of section 21-380 apply to a person redeeming under protest after a petition for tax deed has been filed and when the redeemer desires to preserve the right to defend against the petition for a tax deed). Further under section 21-350 of the Property Tax Code, although our courts have found that a redemption filed after the end of the statutory period is a nullity (*In re Application of the County Treasurer & ex officio County Collector*, 378 Ill. App. 3d 842, 846 (2007)), our courts have also determined that a trial court may equitably extend the statutory redemption period (*id*. at 849) and that the tax purchaser may waive strict adherence to the redemption period (*In re Application of County Collector for Judgment of Sale Against Certain Lands & Lots*, 131 Ill. App. 2d 509, 512 (1970)). Here, as both the trial court and the petitioner treated the respondent's redemption under protest as having been timely filed due to the petitioner's attempt to extend the redemption period, we will also treat the redemption under protest as timely filed. Based on this determination, the respondent may not argue on remand that his redemption under protest was a nullity.

¶ 21    We instead look to section 21-380 of the Property Tax Code. 35 ILCS 200/21-380 (West 2012). That section provides that a person may pay the required redemption amount under protest by specifying defenses that would provide a sufficient basis to deny the entry of an order for issuance of a tax deed. In his redemption under protest, the respondent correctly argued that the tax certificate had expired. When the petitioner did not provide timely notice of the expiration of the redemption period (35 ILCS 200/22-10 (West 2012)) or file a petition for a tax deed within the required time, as the redemption period was not extended (35 ILCS 200/22-30 (West 2012)), the tax deed petition could have been successfully challenged. Under section 21-380 of the Property Tax Code, if a protest is sustained, the court may declare the sale to be a sale in error and shall direct the county clerk to return all or part of the redemption money to the party redeeming. Here, the trial court should have sustained the protest and declared the sale in error. A determination of the amounts to be returned to the parties requires that several sections of the Property Tax Code be read together. See *In re Application of the County Collector*, 325 Ill. App. 3d 152, 156 (2001) (*Darco*).

¶ 22    In *Darco*, the court determined that, once a redemption under protest has been filed, the character of the tax deed proceedings changes, "with the tax purchaser attempting to obtain the statutory penalty interest and the delinquent taxpayer attempting to ward off the purchaser and recover some of the funds it has deposited with the county clerk." *Id.* at 155-56. The court noted that the respondent in that case could have defended against the petitions for tax deeds without redeeming, because defective notices precluded the tax deeds from issuing. *Id.* at 156. Had that occurred, the petitioner would have been entitled to petition for a refund pursuant to section 22-50 of the Property Tax Code (35 ILCS 200/22-50 (West 1994)) if she could establish that she made a *bona fide* attempt to comply with the statutory requirements for the issuance of a tax deed. See *Darco*, 325 Ill. App. 3d at 156. The court determined that the petitioner should not receive any less after the respondent's redemption than she would receive if she were to obtain a refund pursuant to section 22-50 absent a redemption. *Id.* at 157.

¶ 23    Here, as in *Darco*, the respondent could have successfully defended against a tax deed petition based on the expiration of the certificate. Then, the petitioner would have been entitled to seek a refund under section 22-50, provided that it could show a *bona fide* attempt to comply with the statutory requirements to procure a tax deed. Such a refund would consist of "the purchase price and other taxes that were paid and were validly posted to the tax judgment, sale redemption and forfeiture record after the tax sale [citation] but no penalty interest or costs." *Id.* at 156 (citing *In re Application of the County Treasurer & ex officio Collector*, 305 Ill. App. 3d 995, 1000-01 (1999)). The respondent would receive a partial refund of the redemption money. Should the petitioner fail to prove a *bona fide* attempt, the petitioner would not be entitled to any refund and the respondent would be entitled to a full refund of the redemption money.

¶ 24    Whether the petitioner made a *bona fide* attempt is a factual question. *In re Application of the Kane County Collector*, 297 Ill. App. 3d 745, 748 (1998). Because the trial court did not make that factual finding in this case, we remand for the trial court to make that determination.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Boone County is reversed and the cause is remanded for additional proceedings consistent with this decision.

Reversed and remanded with directions.